UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------X        Case No. 19-12819-cgm

In Re:


NICHOLAS J. SANDS,                                      Chapter 13

                Debtor.                              **MOTION**

-----------------------------------------------X


PLEASE TAKE NOTICE that, upon the annexed application of John P. Brooke,

attorney for creditor, THE BOARD OF MANAGERS OF THE 30 EAST 76TH

STREET CONDOMINIUM, ON BEHALF OF THE UNIT OWNERS (hereinafter,

"The Board"), a hearing will come on to be heard as follows:


Debtor: NICHOLAS J. SANDS

Judge: Honorable CECELIA G. MORRIS

Return Date and Time: October 24, 2019 at 9:30 a.m.

Place: United States Bankruptcy Court
      One Bowling Green, room 617
      New York, NY 10004

Relief Requested: For an Order pursuant to Section 1307 of the Bankruptcy
Code to convert this case to one under chapter 7 of the Bankruptcy Code, or in
the alternative dismissing this case with prejudice for at least 180 days to bar
refiling, whichever is in the best interests of the creditors.

Dated: Bay Shore, New York

     September 24, 2019          _/s/ John P. Brooke_____
                                JOHN P. BROOKE, ESQ.
                                THE BROOKE LAW FIRM
                                85 W. Main Street, Suite 201
                                Bay Shore, NY 11706
                                (631) 397-0042

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------X          Case No. 19-12819-cgm

In Re:

NICHOLAS J. SANDS,                          Chapter 13

              Debtor.                          **APPLICATION**

-----------------------------------------------X

## TO THE HONORABLE CECELIA G. MORRIS, US BANKRUPTCY JUDGE:

The application of The Board, a creditor in interest, by its attorney, The Brooke Law Firm, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.      The Court has jurisdiction of this motion pursuant to 28 U.S.C. §157and 11 U.S.C. §1307. This is a Core Proceeding.

2.      The Board is seeking to convert this case to one under chapter 7 of the Bankruptcy Code due to the Debtor's bad faith filing which upon information and belief was only filed to stop a foreclosure sale the following day by The Board.

3.      As further evidence of his intention the debtor only filed the first eight (8) pages of the petition and no further schedules, plan, statement of financial affairs and did not in fact even take the online credit counseling course.

The movant further believes the debtor filed bankruptcy out of shear desperation, to obtain the benefit of the automatic stay, delay and hinder secured creditors from legally obtaining their collateral.

4.      As detailed further below the debtor does not qualify to be a debtor in a chapter 13 bankruptcy because his secured debts are well above the allowable limits of $1,257,850. See 11 U.S.C. §109(e).

5.      Thusly, since the Debtor cannot be a debtor in a chapter 13 bankruptcy the best interests of the creditors is for the debtor to be in a chapter 7 bankruptcy.

## **BACKGROUND**

6.      The pro se Debtor Nicholas J. Sands (the "Debtor") filed a voluntary "bare bones" chapter 13 petition on September 3, 2019 which appears to consist of only the first eight (8) pages of statistical information of the petition as well as a creditor matrix listing this movant, as well as several other attorneys/law firms. (Docket Entry ("DE") #1).

7.      The debtor also filed a motion to extend his time to complete the credit counseling requirement. (DE #2)

8.      A notice of §341 apparently was issued the same day under DE #3. Krista Preuss, Esq. was appointed the trustee on the case.

9.      As of today's date the pro se debtor has not appeared to have filed any of the required schedules, statement of financial affairs, Form122(c) current monthly disposable income, a plan, pay advices or credit counseling certificate.

10.     The debtor owns two condominium units located at 30 East 76th Street, New York, NY further known as units 7A and 7B.

11.     Upon information and belief, unit 7A is encumbered by a mortgage with JPMorgan Chase bank. Chase had a foreclosure action pending against the debtor from approximately February 6, 2014 until May 17, 2019 under index # 850074/14 Supreme Court, New York County. The case was settled by a loan modification, dated May 19, 2017, with a new principal balance of $1,077,569.17. Upon information and belief the debtor is currently in default of that mortgage, as modified.

12.     Unit 7A is currently in arrears with The Board in the amount of $316, 363.76 as of August 28, 2019. See Exhibit A tenant ledger.

13.     A foreclosure action was pending under index # 157823/2017 for unpaid common charges. ***Said foreclosure action is finalized with Judgment of Foreclosure granted in favor of The Board and there was a sale date of the unit scheduled for September 4, 2019, interestingly enough, the day after this bankruptcy petition was filed.*** See Exhibit B notice of sale.

14.      Upon information and belief the instant bankruptcy petition was filed for the sole purpose of "stopping" the sale of unit 7A to the determinant and frustration of The Board.

15.     Unit 7B is also currently in foreclosure with The Board for unpaid common charges under index # 151864/15 Supreme Court, New York County. The Board moved for summary judgment and oral argument was scheduled for September 3, 2019 at 2:30 p.m. The Debtor filed bankruptcy on 12:16 p.m. on

that day so the case was stayed. The amount of unpaid common charges on unit 7B is approximately $202,073 as of April 2019. See Exhibit C account ledger.

16.     Unit 7B is currently in foreclosure with Bank of America under index # 810068/2010. Summary judgment was granted in favor of the plaintiff on or about June 14, 2019.

17.     Bank of America, through counsel Leopold & Associates, PLLC, has also filed a notice of referee's computation on July 26, 2019. The amount Bank of America alleges is owed as of August 8, 2019 is $1,120,735.22. According to Bank of America there is over $237,000.00 in interest from 2009 and escrow advances of over $184,000.00. See Exhibit D notice of referee's computation.

18.     Upon information and belief New York State filed a tax warrant on July 11, 2019 in the sum of $55,556.

19.     Totaling the secured debt of the Debtor it is believed he owes $2,772,297.00 and could be more as it is unknown to the Movant if he owns other real property or personal property such as vehicles with secured liens.

## APPLICABLE LEGAL AUTHORITY

20.     Conversion of chapter 13 cases is governed by 11 U.S.C. §1307 which states in relevant part:

(c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and hearing, the court may convert a case under this chapter to a case under chapter 7

of this title, or may dismiss a case under this chapter, whichever is in the

best interests of creditors and the estate, **for cause**. (emphasis added).

21.     Whether cause exists to convert or dismiss a case is a

determination that rests within the sound discretion of the court and has not been

specifically defined in the Code. In re Levinsky, 23 B.R. 210, 217 (E.D.N.Y.

1982). In fact, the Bankruptcy Court has broad discretion to determine whether

conversion of a case is proper, so long as its decision is based upon the best

interest of creditors.

22.     The list set forth at 11 U.S.C. §1307 is illustrative and not

exhaustive; a court may find that "cause" exists based on circumstances which

are not among those enumerated in 11U.S.C. §1307.

23.     As courts have determined cause to convert a chapter 13 to

chapter 7 can be based upon bad faith filing of the debtor. Although not

specifically listed, bad faith is a "cause" for dismissal under § 1307(c).   In re

Eisen, 14 F.3d 469, 470 (9th Cir.1994). ("A Chapter 13 petition filed in bad faith

may be dismissed 'for cause' pursuant to 11 U.S.C. § 1307(c).").

24.     11 U.S.C. Section 1307(c) allows for the conversion or dismissal of

a Chapter 13 case for cause on a finding of bad faith based upon the totality of

the circumstances. Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1222-23 (9th

Cir. 1999). "There are four factors to take into consideration: (1) whether the

debtor misrepresented facts in his; petition or plan, unfairly manipulated the

Code, or otherwise filed his petition or plan in an inequitable manner; (2) the

debtor's history of filings and dismissals; (3) whether the debtor intended to defeat state court litigation; and (4) whether egregious behavior is present."

25.      Under this provision, the court is granted "broad powers" to convert or dismiss a petition filed in bad faith. Continental Illinois National Bank and Trust Company v. Century City, Inc. (In re Century City, Inc.), 8 B.R. 25, 29 (Bkrtcy.D.N.J. 1980) ("The power of the Court to dismiss a case when its jurisdiction has been improperly invoked is inherent in the bankruptcy court as a court of equity, guided by equitable doctrines and principles. . . ."); In re Tolco Properties, Inc., 6 B.R. 482, 486, 6 B.C.D. 913, 915-916, 3 C.B.C.2d 100, 106, (Bkrtcy.E.D.Va. 1980). Notwithstanding the nine clauses contained in section 1112(b), there is virtually unanimous agreement that this section is not exhaustive. See, e.g., In re Pappas, 17 B.R. 662, 666 (Bkrtcy.D.Mass. 1982); In re Alton Telegraph Printing Co., 14 B.R. 238, 239, 8 B.C.D. 457, 458, 5 C.B.C.2d 236, 239 (Bkrtcy.S.D.Ill. 1981); In re Eden Associates, 13 B.R. 578, 583, 7 B.C.D. 1190, 1193, 4 C.B.C.2d 1249, 1255 (Bkrtcy.S.D.N.Y. 1981). Rather, what constitutes cause for dismissal is "subject to judicial discretion under the circumstances of each case." In re Nancant, Inc., 8 B.R. at 1006, 7 B.C.D. at 411.

26.      Although some of the above cases involve cases filed under chapter 11 of the Code, many of the same principals apply in a petition filed under chapter 13. Many of the same criteria under §1307 are the same as § 1112(b) and apply when courts consider conversion of a chapter 11 or chapter 13.

27.     As one court observed in reviewing a petition hastily filed under the Act:

"Whether it [good faith] exists in any case depends upon the facts and circumstances presented. No one evidentiary fact can ordinarily be given paramount weight in deciding the question. If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. But if it is apparent that the purpose is not to delay or defeat creditors but rather to put an end to long delays, administration expenses . . . to mortgage foreclosure, and to invoke the operation of the act in the spirit indicated by Congress in the legislation, namely, to attempt to effect a speedy efficient reorganization, upon a feasible basis . . . good faith cannot be denied." Loeb Apartments, Inc. v. Malwitz (In re Loeb Apartments, Inc.), 89 F.2d 461, 463 (7th Cir.), rehrg. denied., (1937). See also, e.g. C-TC 9th Ave. P'ship, 113 F.3d at 130 ("[t]he good faith standard applied to bankruptcy petitions furthers the balancing process between the interests of debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy") (citation and internal quotations omitted).

28.     A finding of bad faith does not require fraudulent intent by the debtor.

[N]either malice nor actual fraud is required to find a lack of good faith. The bankruptcy judge is not required to have evidence of debtor ill will

directed at creditors, or that debtor was affirmatively attempting to violate the law-malfeasance is not a prerequisite to bad faith. <u>In re Powers</u>, 135 B.R. 980, 994 (Bankr.C.D.Cal.1991) (relying on In re Waldron, 785 F.2d 936, 941 (11th Cir.1986)).

29.     The dismissal of bankruptcy cases with and without prejudice is authorized by § 349(a):

(a)  Unless the court, **for cause**, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed;  nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) 6 of this title. (emphasis added).

30.     The phrase "[u]nless the court, for cause, orders otherwise" in Section 349(a) authorizes the bankruptcy court to dismiss the case with prejudice.   <u>See also,</u> <u>In re Tomlin</u>, 105 F.3d at 937; 3 Collier on Bankruptcy § 369.01, at 349-2-3 (15th ed.1997).    A dismissal with prejudice bars further bankruptcy proceedings between the parties and is a complete adjudication of the issues.   <u>Tomlin</u>, 105 F.3d at 936-37.

## ARGUMENT

### Cause exists for the Court to enter an order converting this chapter 13 case, or in the alternative, dismissing the petition with prejudice

31.     It appears that the present bankruptcy case was filed in bad faith based upon the totality of the circumstances. Upon information and belief the debtor has only two major real estate assets, Units 7A and 7B which are both subject to foreclosure actions, arrearages of mortgages, unpaid common charges and a state court judgment of foreclosure with a sale date.

32.     Although it is not known what unsecured creditors the Debtor has one can imagine they are probably insignificant in comparison to his secured debt obligations. The timing of the debtor's filing evidences intent to delay and frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights.

33.     The Debtor has also not yet taken the credit counseling course nor has he filed any other documents or schedules in his case. This supports the notion that he is not serious in going forward with this chapter 13 petition.

34.     Good faith does not exist in this case as the Debtor is only seeking to unreasonably delay his creditors from doing what they would be allowed to due under applicable state law.

35.     Using the third Leavitt factor here further supports cause due to bad faith. It is apparent that the Debtor intended to defeat state court litigation in the filing of his petition. The Debtor filed a skeleton petition several hours before oral

argument is to be heard on a motion for summary judgment on one foreclosure action and the day before a scheduled sale date on the other condominium unit just to obtain the benefit of an automatic stay.

36.     If the Court dismisses the case without prejudice the Debtor will most likely refile another bankruptcy petition on the eve of a rescheduled sale date to further obtain the benefit of another automatic stay.

37.     The best interests of the creditors and The Board would be to convert this case so a chapter 7 trustee can liquidate the estate and the secured creditors can realize returns on their collateral.

38.     In the alternative, the second best option in the view of The Board would be to dismiss the petition with prejudice so The Board can continue with its foreclosure action and foreclosure sale of Units 7A and 7B.

## CONCLUSION

39.     Given the fact this "skeleton" bankruptcy case was filed mere hours before a scheduled foreclosure sale of one of his condominium units and on the same day as oral argument on summary judgment was to be heard on the other unit speaks of bad faith. When viewed in the totality of the circumstances, the record before the bankruptcy court fully supports its findings that the Debtors conduct was in bad faith.

40.     The Debtor to this day has not filed any of the other required schedules, statement of financial affairs, a plan, pay advices, credit counseling certificate, or Form122(c) current monthly disposable income speaks to the fact

that he is not serious in following through with a reorganization and repayment of his debts to creditors.

41.     The Debtor further does not qualify to be a debtor in a chapter 13 as evidenced above in regard to the secured debt limits allowed under 11 U.S.C. §109(e).

42.     The Board is seeking to advance its rights in regard to Units 7A and 7B and seek to further cut off its losses and stop the unnecessary delay caused by this frivolous filing.

43.     The Board is sustaining losses on its collateral on a monthly basis to the detriment of other condominium owners who share in the losses.

44.     It is in the best interests of the creditors to have this case converted to chapter 7 so the creditors may realize effective liquidation and recover its collateral. It is also in the best interests of The Board to be able to evict the Debtor from his condominium so The Board may rent the property and seek to minimize its losses.

45.     If the Debtor was serious about curing defaults and maintaining his condominium units he could have filed a chapter 11 petition or taken other steps way before the eve of a sale date.

46.     In light of the foregoing, the Movant submits that cause has been established under 11U.S.C. §1307 to convert this chapter 13 case.

**WHEREFORE,** the Movant is respectfully requesting this Court issue an order converting this instant chapter 13 case to one under chapter 7, or

in the alternative, dismiss this petition with prejudice for a period of at least 180

days and for any such further and other relief as may seem just and proper.

Dated: Bay Shore, New York

      September 24, 2019

                         /s/ John P. Brooke_____
                         JOHN P. BROOKE, ESQ.
                         Attorney for Creditor, The Board
                         85 W. Main Street, Suite 201
                         Bay Shore, NY 11706
                         (631) 397-0042

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------X      Case No. 19-12819-cgm

In Re:


NICHOLAS J. SANDS,                Chapter 13

         Debtor.            **AFFIRMATION OF SERVICE**

----------------------------------------------X

       John P. Brooke, an attorney duly admitted to practice in this Court states that:

Deponent is not a party to the action, is over 18 years of age and maintains an office in Bay Shore, New York. On September 24, 2019 I served a copy of the Motion, Application on all persons in interest in this Proceeding, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to the following creditors and/or persons on behalf of creditors at the address designated by said attorney or creditor or VIA ECF notification where noted:


Nicholas J. Sands-pro se debtor
30 East 76th Street
Apt. 7A and 7B
New York, NY 10021

United States Trustees Office
201 Varick St. #1006
New York, NY 10014

Krista M. Preuss
Chapter 13 Standing Trustee
399 Knollwood Road
White Plains, NY 10603

Shapiro, Dicaro & Barak, LLC- via ECF notification
Attn: Barbara Dunleavy, Esq.
Attorneys for creditor JPMorgan Chase
One Huntington Quadrangle, Suite 3N05

Melville, NY 11747

Shapiro, Dicaro & Barak, LLC- via ECF notification
Attn: Nicole Distasio, Esq.
Attorneys for secured creditor Select Portfolio Servicing, Inc. as Servicer for U.S.
Bank NA
175 Mile Crossing Blvd.
Rochester, NY 14624

/s/ John P. Brooke_____

JOHN P. BROOKE, ESQ.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------X          Case No. 19-12819-cgm

In Re:


NICHOLAS J. SANDS,                              Chapter 13

        Debtor.

----------------------------------------------X

_____

**MOTION AND APPLICATION TO CONVERT CH. 13 TO CH. 7**

_____


**The Brooke Law Firm**
**John P. Brooke, Esq.**
**85 W. Main Street, Suite 201**
**Bay Shore, NY 11706**
**(631) 397-0042**


**Service of a copy of the within is hereby admitted.**


**Dated: _____**



**PLEASE TAKE NOTICE**:

| | |
|---|---|
| **Notice of Entry** _____ | **that the within is a (certified) true copy of a entered in the office of the Clerk of the within named Court on 20____** |
| **Notice of Settlement** _____ | **that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, on 20 , at _____** |