UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                               Chapter 7

                                                                                     Case No. 19-12819-CGM
NICHOLAS J. SANDS,


                                    Debtor.
------------------------------------------------------------X


# REPLY TO MOTION FOR RELIEF FROM AUTOMATIC STAY BY JP MORGAN CHASE BANK, NATIONAL ASSOCIATION

The above-captioned debtor NICHOLAS J. SANDS (the "**Debtor**"), by his attorneys, Bronson Law Offices, P.C., hereby submits this reply to the motion for relief from the automatic stay ECF #40 (the "**Motion**") filed by JP Morgan Chase Bank, National Association ("**Chase**").

1. On September 3, 2019, (the "**Petition Date**"), the Debtor filed a Chapter 13 petition for bankruptcy which was converted to Chapter 7 by the Court on February 10, 2020.

2. Prior to February 2020, the Debtor was unrepresented by Counsel and was not aware of the requirements of a Chapter 13 or Chapter 7 bankruptcy.

3. Chase has stated in its Motion that the Debtor's property located at 30 East 76th Street, Unit 7A, New York, NY 10021 (the "**Property**") is subject to total indebtedness to Chase of approximately $1,153,523 as stated in the required worksheet attached to Chase's Motion, and attached hereto as "**Exhibit A**".

4. Chase has also stated in its Proof of Claim that the estimated value of the Property is $1,350,000. *See* "**Exhibit A**".

5. Accordingly, by Chase's own admission its interest in the Property is protected by almost $200,000 of equity or an approximate 17% cushion.

6. The Debtor's estimated value of the Property is $1,900,000.00 based on the appraisal attached hereto as "**Exhibit B**".

7. The Debtor wishes to convert this bankruptcy to a case Chapter 11 by motion that will be filed by Monday, May 11, 2020 ("**Motion to Convert**").

8. If the Motion to Convert is approved, the Debtor plans to sell the Property immediately after successful conversion to Chapter 11.

9. The Debtor has enlisted a local real estate agency to market and sell the Property once the case has been converted and subject to bankruptcy court approval. A copy of the listing agreement is attached hereto as "**Exhibit C**".

10. The Debtor expects the Property will sell quickly once its able to be marketed as its location is in a desirable area of New York City. Further, there is a second contiguous apartment owned by the Debtor (7B) which will be jointly marketed, offering flexibility for a sale.

11. Once the Property is sold, Chase will receive all amounts owed to it and will not be prejudiced if the automatic stay is not lifted.

12. In the event the case is not converted, the Chapter 7 trustee is likely to sell the Property as that would result in the most amount of money for the Debtor's bankruptcy estate.

## LEGAL ARGUMENT

13. A party seeking relief from an automatic stay pursuant to §362(d) "has the burden of proof on the issue of the debtor's equity in property, [and] the party opposing such relief has the burden of proof on all other issues." 11 U.S.C. § 362(g).

14. The Southern District Court has held, in order for Chase to meet its initial burden on a §362(d) motion, it must show that there has been a decline (or at least that there is a real threat of decline) in the value of the collateral at issue; only upon such a showing does the burden shift to the debtor to prove that the collateral at issue is not, in fact, declining in value. *See Wilmington Tr. Co. v. AMR Corp. (In re AMR Corp.)*, 490 B.R. 470, 477 (S.D.N.Y. 2013) (*Citing In re Balco Equities Ltd., Inc.*, 312 B.R. 734, 751 (Bankr. S.D.N.Y. 2004); *In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994)); *In re Anthem Cmtys./RBG, LLC*, 267 B.R. 867, 871 (Bankr. D. Colo. 2001); *In re Oligbo*, 328 B.R. 619, 651 (Bankr. E.D.N.Y. 2005); *In re WorldCom, Inc.*, No. 02-13533 (AJG), 2003 Bankr. LEXIS 2440, 2003 WL 22025051, at *6 (Bankr. S.D.N.Y. Jan. 30, 2003); *In re Brutsche*, No 11-11-13326 (SA), 2012 Bankr. LEXIS 529, 2012 WL 526047, at *3 (Bankr. D.N.M. Feb. 16, 2012)).

15. Chase has put forth no evidence that the value of the property is declining. Debtor's evidence in the valuation attached in fact shows that it is not. Therefore, as a threshold matter the Chase's motion should be denied.

16. Chase's Motion attempts to make two arguments for the relief it is requesting. The first being that it is not adequately protected because of the Debtor's payment history.

17. This argument ignores the well-settled law in the Southern District that the existence of an equity cushion can be sufficient, in and of itself, to constitute adequate protection. *See*

*Id* at 478 (S.D.N.Y. 2013)(*citing In re Fortune Smooth (U.S.) Ltd*., No. 93-40907 (JLG), 1993 Bankr. LEXIS 2377, 1993 WL 261478, at 6 (Bankr. S.D.N.Y. July 6, 1993); *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984) ("In fact, it has been held that the existence of an equity cushion, standing alone, can provide adequate protection."); Oligbo, 328 B.R. at 651; *In re Elmira Litho, Inc*., 174 B.R. 892, 904 (Bankr. S.D.N.Y. 1994)) ("An equity cushion, therefore, provides adequate protection if it is sufficiently large to ensure that the secured creditor will be able to recover its entire debt from the security at the completion of the case."); *In re Johnston*, 38 B.R. 34, 36 (Bankr. D. Vt. 1983) ("It is well settled that an 'equity cushion' or 'value cushion' in and of itself may provide adequate protection for a secured creditor").

18. Accordingly, the equity cushion in the instant case of approximately 17% which all parties acknowledge (despite differing on the exact amount), is a sufficient basis upon which to deny Chase's §363(d)(1) motion.

19. "[T]he adequacy of the protection afforded by an equity cushion, stated either as a dollar amount or as a percentage of the estimated fair market value of the property, must ultimately be determined upon equitable considerations arising from the particular facts of each proceeding" because "[t]he valuation process through which an equity cushion is determined, at best, is inexact." *In re Tucker*, 5 B.R. 180 at 182-83 (Bankr. S.D.N.Y. 1980).

20. In *Tucker* the court determined that 7.4% equity was not sufficient, but it referenced cases where courts found 17.4% and 15.9% sufficient equity to adequately protect the creditor. *Id* at 183-84 (*citing In re Rogers Dev. Corp.*, 2 B.R. 679 (Bankr. E.D. Va. 1980); *In re*

*Pitts*, 2 B.R. 476 (Bankr. C.D. Cal. 1979)). Therefore, it follows that 17% equity is sufficient to constitute adequate protection.

21. The second point of Chase's Motion is merely a claim that Chase meets the requirements for standing to foreclose on the property, but for, the automatic stay.

22. If it was established that Chase does not have standing that could be cause to deny it's Motion. However, the fact that it may have standing, is not sufficient cause to grant it relief from stay.[1]

23. Even should the Court find that Chase has established cause to grant relief from the automatic stay, the best interest of the Creditors and all parties in interest would be to allow the Debtor to convert this case to one under Chapter 11 of the bankruptcy code and allow the Debtor to sell this property for its value.

24. Therefore, because Chase's Motion show's a good amount of equity in the property and fails to show a decline in value, and because the Debtor is proposing a sale that would benefit all creditors and the estate far more than granting this Motion, the Motion should be denied.

---

[1] By this statement the Debtor is not conceding that Chase has standing.

**WHEREFORE**, the Debtor respectfully requests that the Court deny Chase's Motion for Relief from the Automatic Stay at this time or continue the motion to a later date so that the Debtor or the chapter 7 trustee has an opportunity to market and sell the Property; and for such other and further relief as the Court deems just and proper.

Dated: Harrison , New York
       May 9, 2020                                      **BRONSON LAW OFFICES, P.C.**

                                                      */s/ H. Bruce Bronson*
                                                      H. Bruce Bronson, Esq.
                                                      480 Mamaroneck Avenue
                                                      Harrison, NY 10528
                                                      Telephone: 914-269-2530
                                                      Fax: 888-908-6906
                                                      e-mail: hbbronson@bronsonlaw.net