UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X    Case No. 19-12819-cgm

In Re:

NICHOLAS J. SANDS,             Chapter 7

      Debtor.                **AFFIRMATION IN OPPOSITION TO DEBTOR'S APPLICATION TO CONVERT TO CH. 11**

------------------------------------------------X

This affirmation in Opposition to Debtor's Application to Convert his case to chapter 11 of THE BOARD OF MANAGERS OF THE 30 EAST 76TH STREET CONDOMINIUM, ON BEHALF OF THE UNIT OWNERS (hereinafter "The Board"), a creditor in interest, by its attorney, The Brooke Law Firm, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. The Board seeks to oppose the Debtor's application to convert his case to chapter 11 and to maintain the Debtor's case as a chapter 7.

2. The Debtor now seeks to convert his case to one under Chapter 11 pursuant to sections 706(b) and 105(a) of Title 11 of the United States Code.

3. The Debtor is proposing to retain control of his assets and liquidate his two Manhattan properties located at 30 East 76th Street, Units 7A and 7B, New York, NY through a chapter 11 bankruptcy.

## **BACKGROUND**

4. The debtor owns two condominium units located at 30 East 76th Street, New York, NY further known as units 7A and 7B.

5. Upon information and belief, unit 7A is encumbered by a mortgage with JPMorgan Chase bank. Chase had a foreclosure action pending against the debtor from approximately February 6, 2014 until May 17, 2019 under index # 850074/14 Supreme Court, New York County. The case was settled by a loan modification, dated May 19, 2017, with a new principal balance of $1,077,569.17. Upon information and belief the debtor is currently in default of that mortgage, as modified.

6. Unit 7A is currently in arrears with The Board in the amount of $316, 363.76 as of August 28, 2019.

7. A foreclosure action was pending under index # 157823/2017 for unpaid common charges. Said foreclosure action is finalized with Judgment of Foreclosure granted in favor of The Board and there was a sale date of the unit scheduled for September 4, 2019, interestingly enough, the day after this bankruptcy petition was filed.

8. Upon information and belief the instant bankruptcy petition was filed for the sole purpose of "stopping" the sale of unit 7A to the determinant and frustration of The Board.

9. Unit 7B is also currently in foreclosure with The Board for unpaid common charges under index # 151864/15 Supreme Court, New York County. The Board moved for summary judgment and oral argument was scheduled for September 3, 2019 at 2:30 p.m. The Debtor filed bankruptcy on 12:16 p.m. on that day so the case was stayed.

The amount of unpaid common charges on unit 7B is approximately $202,073 as of April 2019.

10. Unit 7B is currently in foreclosure with Bank of America under index # 810068/2010. Summary judgment was granted in favor of the plaintiff on or about June 14, 2019.

11. Bank of America, through counsel Leopold & Associates, PLLC, has also filed a notice of referee's computation on July 26, 2019. The amount Bank of America alleges is owed as of August 8, 2019 is $1,120,735.22. According to Bank of America there is over $237,000.00 in interest from 2009 and escrow advances of over $184,000.00. See Exhibit D notice of referee's computation.

12. Contrary to what the Debtor asserts in his application to convert to chapter 11 he has had retained counsel for the foreclosure actions with The Board and has not been pro se.

13. Upon information and belief New York State filed a tax warrant on July 11, 2019 in the sum of $55,556.

14. The pro se Debtor Nicholas J. Sands (the "Debtor") filed a voluntary "bare bones" chapter 13 petition on September 3, 2019 which appears to consist of only the first eight (8) pages of statistical information of the petition as well as a creditor matrix listing this movant, as well as several other attorneys/law firms. (Docket Entry ("DE") #1).

15. The debtor also filed a motion to extend his time to complete the credit counseling requirement. (DE #2)

16. A notice of §341 apparently was issued the same day under DE #3. Krista Preuss, Esq. was appointed the trustee on the case.

17. On September 24, 2019 The Board filed a motion to convert the Debtor's case to a chapter 7.

18. On October 24, 2019 Counsel for The Board appeared before Judge Morris and a hearing was held in which the Court granted The Board's motion.

19. Within a few days after said motion was granted Counsel for The Board was notified by Judge Morris's chambers that the Debtor appeared after the hearing date requesting more time to respond. The Court then adjourned the motion to convert to November 21, 2019.

20. On the November 21, 2019 hearing date the Debtor appeared pro se and asked for more time to obtain an attorney. The court adjourned the motion hearing to January 21, 2020.

21. On the January 21st hearing date the Debtor appeared again pro se yet asking for more time to obtain counsel. He had indicated that he had retained counsel but his counsel couldn't be present on that day. The court adjourned the motion hearing to February 6th.

22. On February 6th court appearance the Debtor indicated to the court that he spoke to new counsel the day before and that counsel would not represent him because he had not filed his 2018 and 2019 tax returns. The Court granted the motion to convert his bankruptcy to chapter 7.

23. At every court appearance the Debtor insisted he needed more time to obtain counsel and file his paperwork. The Debtor had almost four months and three

court appearances to do so but yet came to court every time with excuses and asking for more time.

24. Upon information and belief the Court did not convert his case to chapter 7 because his tax returns weren't filed but yet converted his case due to his own dilatory behavior and not obtaining counsel and only seeking to delay the matter.

25. The Order converting the Debtor's case was signed on February 10th. Deborah Piazza, Esq. was appointed trustee on his case and the Meeting of Creditors was scheduled for March 10th. Counsel for The Board appeared at the §341 Meeting but the Debtor failed to appear or file any of the required schedules in violation of the Order to convert.

26. The §341 was adjourned to April but rescheduled to May 12th due to COVID-19.

27. Debtor obtained counsel afterwards and the Debtor, through retained counsel, filed his chapter 7 schedules and paperwork on May 9th along with an opposition to a pending lift stay motion as well as an application to convert his case to chapter 11.

28. The May 12th §341 Meeting was adjourned yet again to May 27th because the Debtor failed to provide the trustee with copies of identification and social security card as required for the telephonic §341 in time in order to be examined.

29. The Debtor appeared at the §341 Meeting on May 27th and was examined by the trustee. The trustee is currently holding the case open and there is a holding date of June 10th at 1:00 p.m.

# ARGUMENTS AND APPLICABLE LEGAL AUTHORITY

## *Bad Faith Elements of Filing*

30. Section 706(a) of the Bankruptcy Code provides that a "debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title."

31. The Debtor now seeks to convert his case to a chapter 11 claiming he is a party in interest, essentially trying to circumvent section 706(a).

32. While the Debtor may or may not be a party in interest in his own case The Board does not believe it was the intention of Congress for the Debtor to consider himself a party in interest to get around the fact that he can't convert under section 706(a).

33. The Debtor in his motion also seeks to reargue the bad faith element and totality of the circumstances in The Board's initial motion to convert to chapter 7.

34. While this Court did not give specific reasons why it was converting the case to chapter 7 the Debtor should not be allowed now to undue the Court's decision to convert and have another bite at the apple.

35. As any issues of bad faith or totality of the circumstances pursuant to case law under section 706 of the Bankruptcy Code have been dealt with and decided with the prior motion to convert his case to chapter 7 and are thus moot. The Debtor should not be allowed to re-argue those points again on this motion when he had the opportunity to do so already.

36. The Debtor cites the case of *C-TC 9th Avenue Partnership v. Norton Co.*, 113 F.3d 1304, 1311 (2d Cir. 1997) and its factors of bad faith which are:

> (1) the debtor has only one asset; (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors; (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt; (4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action; (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights; (6) the debtor has little or no cash flow; (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and (8) the debtor has no employees.

37. For arguments sake The Board will go through the factors to argue the Debtor filed in bad faith and the totality of the circumstances determine the Debtor should not be allowed to convert his case.

38. Using factor number two the Debtor does have only $49,155.00 in unsecured debts while he lists $2,841,861.78 in secured debts. Using factor number three, two out of three of the Debtor's secured assets are in foreclosure as a result of arrearages. Using the fourth factor, the Debtor's financial condition, namely the foreclosures, are a two party dispute which could have been resolved in the pending state court foreclosure action. Using the fifth factor, the timing of this filing suggests an attempt to delay the legitimate efforts of The Board to enforce its rights. The Debtor filed his chapter 13 petition on the day in which one action was scheduled for oral argument on a motion for summary judgment and the following day was a scheduled foreclosure sale of the other property. Using the sixth factor, the Debtor

by his own admission has little or no cash flow. On his schedule I he lists zero income. Using the seventh factor, the debtor can't meet his current expenses as he indicated he has no income. Finally, using the eighth factor, the Debtor also has no employees.

39. Using the factors the Debtor has set out seven of the eight indicated he filed in bad faith under the totality of the circumstances approach.

### *Chapter 7 Trustee Would be Better Suited to Administer Estate Assets*

40. The Debtor has proposed to hire professionals to sell his two Manhattan properties. State court litigation counsel for The Board has indicated to your Movant that he has attempted to do so over the three and five year periods the foreclosures were pending and was unsuccessful or didn't go through with any transactions.

41. The chapter 7 trustee would be better suited to liquidate assets and choose which one to realize a benefit for the creditors.

42. In today's current Covid-19 Manhattan real estate market the Debtor may not be able to sell his properties but a chapter 7 trustee would be able to liquidate his unencumbered Florida property, investment contract with Zirfriech USA, cash on hand, business assets, etc., as the Debtor lists on his schedules. The trustee would have the same rate of success to sell the two Manhattan properties as the Debtor would.

43. The Debtor proposes his entire chapter 11 case would depend on his selling of those two Manhattan properties. The Board does not believe the Debtor

would be able to do so in this current market and does not trust the Debtor to consummate a deal.

44. If the case is converted to chapter 11 and the properties could not be sold The Board would be left with no relief from this Court.

45. The Board believes a chapter 7 trustee would be able to sell the properties the same as the Debtor would but would also have other estate assets to liquidate to realize a monetary benefit for creditors.

46. The Debtor simply does not want his other assets liquidated and wants to retain control.

47. Since the Debtor has not filed a proposed plan of reorganization The Board does not know any specifics of how the Debtor intends to reorganize, sell his properties and in what time frame, etc.

48. No other creditors have appeared in this pending application or bankruptcy case except for one secured creditor who has a pending motion for relief from the automatic stay.

## **CONCLUSION**

49. The Board believes it is in the best interests of the creditors for the Debtor to stay in a chapter 7 bankruptcy as the chapter 7 trustee has more assets to choose from and doesn't have to rely on only trying to sell his two Manhattan properties.

50. The Board believes the initial bankruptcy filing was in bad faith using the totality of the circumstances approach.

51. The trustee's administrative costs may be higher than what the Debtor is proposing but it appears there are enough estate assets to satisfy all creditors fully.

**WHEREFORE,** the Movant is respectfully requesting this Court deny the Debtor's application to convert to chapter 11 bankruptcy and keep this case as a chapter 7 bankruptcy and for any such further and other relief as may seem just and proper.

Dated: Bay Shore, New York

      May 27, 2020

                                   /s/ John P. Brooke
                                   JOHN P. BROOKE, ESQ.
                                   Attorney for Creditor, The Board
                                   85 W. Main Street, Suite 201
                                   Bay Shore, NY 11706
                                   (631) 397-0042
                                   john@your-bankruptcy.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------X     Case No. 19-12819-cgm

In Re:

NICHOLAS J. SANDS,                              Chapter 7

       Debtor.                              **AFFIRMATION OF SERVICE**

----------------------------------------------X

      John P. Brooke, an attorney duly admitted to practice in this Court states that:

Deponent is not a party to the action, is over 18 years of age and maintains an office in Bay Shore, New York. On May 27, 2020 I served a copy of the Affirmation in Opposition to Debtor's Application to Convert to Chapter 11 on all persons in interest in this Proceeding, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to the following creditors and/or persons on behalf of creditors at the address designated by said attorney or creditor or VIA ECF notification where noted:

Bronson Law Offices PC-via ECF notification
480 Mamaroneck Avenue
Harrison, NY 10528

United States Trustees Office-via ECF notification
201 Varick St. #1006
New York, NY 10014

Tarter Krinsky & Drogin LLP-via ECF notification
C/o Deborah Piazza, Esq.
1350 Broadway, 11th floor
New York, NY 10018

Shapiro, Dicaro & Barak, LLC- via ECF notification
Attn: Barbara Dunleavy, Esq.
Attorneys for creditor JPMorgan Chase
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747

Shapiro, Dicaro & Barak, LLC- via ECF notification
Attn: Nicole Distasio, Esq.
Attorneys for secured creditor Select Portfolio Servicing, Inc. as Servicer for U.S. Bank NA
175 Mile Crossing Blvd.
Rochester, NY 14624

        /s/ John P. Brooke_____

        JOHN P. BROOKE, ESQ.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------X        Case No. 19-12819-cgm

In Re:

NICHOLAS J. SANDS,                          Chapter 7

        Debtor.

-----------------------------------------------X

_____

**AFFIRMATION IN OPPOSITION TO CONVERT TO CHAPTER 11**

_____

**The Brooke Law Firm**
**John P. Brooke, Esq.**
**85 W. Main Street, Suite 201**
**Bay Shore, NY 11706**
**(631) 397-0042**

**Service of a copy of the within is hereby admitted.**

**Dated: _____**

**PLEASE TAKE NOTICE:**

| | |
|---|---|
| **Notice of Entry** _____ | that the within is a (certified) true copy of a entered in the office of the Clerk of the within named Court on 20____ |
| **Notice of Settlement** _____ | that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, on 20 , at _____ |