BRONSON LAW OFFICES P.C.
*Attorney for the Debtor*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net
H. Bruce Bronson, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re                                           :          CHAPTER 7
                                                :
    NICHOLAS J. SANDS,                :
                                                :          CASE NO.: 19-12819 (CGM)
                                    Debtor.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

### THE DEBTOR'S MOTION (I) MODIFYING THE STAY WITH RESPECT TO A N  A PPEAL TO WHICH THE DEBTOR IS A PARTY; AND GRANTING <u>SUCH OTHER AND FURTHER RELIEF AS MAY BE JUST AND PROPER</u>

TO:    THE HON. CECELIA G. MORRIS
        CHIEF  UNITED STATES BANKRUPTCY
        JUDGE:

        **NICHOLAS J. SANDS,** the above-referenced debtor (the "Debtor"),  by and through his attorney, **BRONSON LAW OFFICES, P.C.,** moves for an order (i) modifying the stay  with respect to an appeal of the case *Bank of America v. Nicholas J. Sands, et. al. bearing index number 810068/2010* pending in  New York County Supreme court (the "Appeal") to which the Debtor is a party; and (ii) granting  such other and further relief as may be just and proper, respectfully sets forth and alleges as  follows:

### <u>BACKGROUND</u>

1. Debtor originally filed for relief under the bankruptcy code pursuant to chapter 13 on September 3, 2019.

2. Debtor appeared *pro se* throughout the case.

3. On September 24, 2019, the board of managers of the 30 East 76th Street Condominium, on

behalf of the unit owners (the "Board") filed a motion seeking entry of an order converting this case to one under Chapter 7, or in the alternative dismissing the case with prejudice for 180 days (the "Motion").

4. This Court had provided Debtor to hire counsel before the February 6, 2020 hearing date which Debtor failed to do.

5. On February 10, 2020, the Court converted the Debtor's case to a case under chapter 7 and appointed a chapter 7 trustee.

6. Debtor filed a motion to convert his case to Chapter 11 so that he could administer his own assets; however, that motion was denied. The Debtor is now proceeding with the chapter 7 and has attended the 341 meeting with the chapter 7 trustee.

## THE APPEAL

7. Counsel to Debtor, David R. Smith, an attorney duly admitted to practice law in the State of New York ("Appellate Counsel") has provided his affirmation (the "Affirmation") which is attached hereto as **Exhibit A**.

8. As set forth in the Affirmation Appellate Counsel has laid out the precise grounds for the appeal and the reasons that he believes it will be successful.

9. Debtor asserts that his bankruptcy estate can only be benefited by the appeal and since Debtor will be liable for payment to Appellate Counsel, the appeal can only have a positive impact on the Debtor's bankruptcy estate.

## APPLICATION, JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

1. By this application, the Debtor seeks to vacate the automatic stay with respect to the Appeal.

2. This Court has jurisdiction over the Application pursuant to 28 U.S.C. Sections 157 and 134, the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.), and the "Amended Standing Order of Reference" dated January 31,

2012 (Loretta A. Preska, C.J.). Venue in this District is proper pursuant to 28 U.S.C. § 1408.

3.      The statutory predicates for the relief sought herein are Section 362(d) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Rule 2014 a of the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

## THE STAY SHOULD BE LIFTED TO PERMIT THE
## DEBTOR TO PROSECUTE THE APPEAL

4.      In *Sonnax Indus., Inc. v. Tri Component Products Corp. (In re Sonnax Indus.)*, 907 F.2d 1280, 1285 (2d Cir. 1990) the Second Circuit listed various factors that should be considered in determining whether the stay should be lifted to permit actions to proceed in a non-bankruptcy forum including:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arose from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms. *In re Sonnax Industries, Inc.,* 907 F.2d at 1286

5.    In the instant case, in applying the *Sonnax* factors, it is clear that the stay should be lifted to permit the Debtor to pursue the Appeal.  Each factor  applicable shall be addressed in turn.

(1) whether relief would result in a partial or complete resolution of the issues;

**In this case, manifestly, the Appeal will result in a resolution of the issues.**

(2) lack of any connection with or interference with the bankruptcy case;

**The Appeal of the state court decision is wholly separate and distinct from  matters before this Court.**

(3) whether the other proceeding involves the debtor as a fiduciary;

**The Appeal does not involve the Debtor as a fiduciary.**

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

**The appellate court is a specialized tribunal with the expertise to rule on this matter.**

(5) whether the debtor's insurer has assumed full responsibility for defending it;

**This factor is inapplicable.**

(6) whether the action primarily involves third parties;

**The Appeal only involves the Debtor and the Appellee and accordingly does not involve third parties.**

(7) whether litigation in another forum would prejudice the interests of other creditors;

**The Appeal will not prejudice the interests of other creditors.**

(8) whether the judgment claim arose from the other action is subject to equitable subordination;

**This factor is inapplicable.**

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

**This factor is inapplicable.**

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

**The prosecution of the Appeal in state court is in the interests of judicial economy.**

(11) whether the parties are ready for trial in the other proceeding;

**The Appeal, upon information and belief, is well defined and will be soon be ready to be submitted.**

(12) impact of the stay on the parties and the balance of harms.

**The Debtor will be harmed if the stay is not lifted and it is precluded from pursuing its appellate rights.**

10.     It is submitted that this type of motion is routinely granted.

11.     Notice of this Application has been provided to all interested parties.

12.     No previous application for the relief sought herein has been made to this or any other Court.

13.     The Chapter 7 Trustee has prefatorily indicated that she has no objection to this motion but reserves the right to object prior to the hearing.

**WHEREFORE**, the Debtor respectfully requests that this Court grant the relief requested herein.

Dated: Harrison, New York
         September 24, 2020                    Respectfully submitted,

                                              **BRONSON LAW OFFICES, P.C.**


                                              By: /s/ *H. Bruce Bronson*
                                              H. Bruce Bronson, Esq.