| UNITED STATES BANKRUPTCY COURT | Case No. 19-12819 (CGM) |
| SOUTHERN DISTRICT OF NEW YORK | Chapter 7 |

-----------------------------------------------------------x

In re:

    NICHOLAS J. SANDS

      Debtor,

-----------------------------------------------------------x

**AFFIRMATION IN SUPPORT OF NICHOLAS J. SANDS MOTION FOR A PARTIAL LIFT OF THE <u>BANKRUPTCY STAY</u>**

    I, David R. Smith, an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury:

    1.    I am associated with The David R. Smith Law Group PLLC, potential counsel for Defendant Nicholas J. Sands ("Debtor") in the matter of *Bank of America v. Nicholas J. Sands, et. al.* bearing index number 810068/2010, pending in New York County Supreme Court (the "Action").

    2.    I make this affirmation in support of Debtor's instant motion for a partial lift of the automatic bankruptcy stay so that he may litigate the Action on the grounds that Bank of America ("BOA") failed to send proper notice pursuant to Real Property Actions and Proceedings Law section 1304 ("RPAPL 1304" or "90 Day Notice") as well as a BOA's failure to timely litigate the Action which would mandate a tolling of interest on the alleged amounts owed.

    3.    First, with respect to RPAPL 1304, after relevant motions were filed by the parties in the Action, Justice Hagler ordered that a framed issue hearing take place regarding BOA's compliance with RPAPL 1304. This hearing took place on June 11, 2018 before JHO Feinberg (the "Hearing").

    4.    RPAPL § 1304 requires that a specific form be sent to a borrower at least ninety (90) days prior to the commencement of any foreclosure action. Such notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower,

and if different, to the residence that is the subject of the mortgage. *See* RPAPL § 1304(2). It is well-established in the courts of the State of New York, that proper service of the RPAPL § 1304 notice on the borrower is a condition precedent to the commencement of a foreclosure action. *See Wells Fargo Bank, N.A. v. Trupia*, 150 A.D.3d 1049, 1050 (2d Dep't 2017); *Citimortgage, Inc. v. Pappas*, 147 A.D.3d 900, 901 (2d Dep't 2017); *Aurora Loan Services, LLC v Weisblum*, 85 A.D.3d 95, 106 (2d Dept. 2011). A plaintiff's failure to show strict compliance requires dismissal of the action. *See Pappas*, 147 A.D.3d at 901-02; *Weisblum*, 85 A.D.3d at 103; *HSBC Bank USA, NA v Bradfield*, 2013 N.Y. Slip. Op. 50024 (U) (Sup Ct. N.Y. Co. 2013). In other words, where a plaintiff cannot show absolute compliance with the statutory requirements of RPAPL § 1304, the relevant foreclosure action must be deemed to have been improperly commenced and cannot be permitted to continue

5. At the Hearing, BOA produced a witness who testified that the 90-Day Notice was sent to "30 East 76th Street, New York, New York". However, it is indisputable that the residence that is the subject of the mortgage, as well as Mr. Sands' mailing address, is "30 East 76th Street, *Unit 7-B*, New York, New York." Indeed, "30 East 76th Street, New York, New York" is a large, mixed-use building with two (2) separate entrances consisting of sixteen (16) floors and twenty-five (25) residential and commercial units.

6. This is in direct violation of RPAPL § 1304(2) which states "[t]he notices required by this section shall be sent by such lender, assignee (including purchasing investor) or mortgage loan servicer to the borrower, by registered or certified mail and also by first-class mail **to the last known address of the borrower, and to the residence that is the subject of the mortgage**." (Emphasis added).

7. Despite these facts, JHO Feinberg issued a report finding that BOA had complied with aforementioned statute, stating that the issue with address was "of no moment." The honorable Arlene P. Bluth confirmed JHO Feinberg's report and granted BOA summary judgment in the Action by order dated June 12, 2019. This order is being appealed by Mr. Sands.

8. Recently, on December 12, 2019, the Appellate Division, First Department, issued a decision in the matter of *Wells Fargo Bank, N.A. v. Biedermann*, 178 A.D.3d 505 (1st Dep't 2019), that under the exact same set of circumstances as the Action, the "court erred in confirming the Referee's report, which found that the notices required by RPAPL 1304 were correctly mailed. RPAPL 1304 requires that notice be sent by the lender, assignee or mortgage loan servicer to the borrower at the address of the mortgaged property and any other address of record at least 90 days before commencement of a mortgage foreclosure action. Here, **although the mortgaged property was a particular unit in a 275-unit condominium building, the notice mailing did not include that unit number**. It was addressed only to the building. Under these circumstances, the mailing did not comply with the requirements of RPAPL 1304. The complaint against defendants should be dismissed without prejudice." (Emphasis added).

9. As such, the *Biedermann* court, through a change of law, has rendered the aforementioned order granting BOA summary judgment to be incorrect and reversable error. Because of this, a motion to renew this order is highly likely to succeed on the merits, necessitating dismissal of the Action and potentially rendering the mortgage held by BOA to be barred by the statute of limitations, making it unenforceable.

10. Second, with respect to a tolling of interest, BOA neglected to timely prosecute the Action. Specifically, after commencing the Action on October 18, 2010, BOA failed to submit a

request for judicial intervention, and thereby triggering the mandatory foreclosure settlement conferences pursuant CPLR §3408, until August 27, 2013¸ *a delay of nearly three (3) years*.

11. In mortgage foreclosure actions, "tolling or cancellation of interest, when tailored to the circumstances, [is] an appropriate and authorized remedy." *See Washington Mut. Bank v. Corena*, 2014 N.Y. Slip Op. 33140(U) (Sup. Ct., Queens Co., 2013) (Taylor, J.) (citing *Wells Fargo Bank, N.A. v Meyers*, 108 A.D.3d 9, 20 (2d Dep't 2013)). "While plaintiff would ordinarily be entitled to an award of interest on the principal due under the mortgage note through the date of the Referee's computation of the amount owing to satisfy the mortgage lien, it would, under the unusual circumstances presented in this foreclosure action, be unconscionable to hold defendants responsible for plaintiff's lengthy delay in obtaining the judgment of foreclosure and sale." *See Yagamo Acquisitions v Baco Dev. 102 St.*, 278 A.D.2d 134, 134 (lst Dep't 2000). "If the mortgagee is responsible for the delay, it should forfeit the interest and other charges, but if the purchaser is responsible, then the interest and additional charges should be added . . . ." *See South Shore Fed. Sav. & Loan Ass'n v. Shore Club Holding Corp.*, 54 A.D.2d 978, 978 (2d Dep't 1976).

12. Moreover, tolling of interest is routinely granted, as in *US Bank N.A. v. Gioia*, 42 Misc.3d 947, 953 (Sup. Ct. Queens Co. 2013) (McDonald, J.), where the Court found that "it would not be fair to charge the defendants interest and penalties during the period of the Bank's unreasonable and unexcused delay." *See id*. at 953.

13. As previously stated, BOA unjustly delayed in prosecuting the Action for a period of nearly three (3) years. This delay has caused the accumulation of hundreds of thousands of dollars in default interest that Mr. Sands should not be liable for. Thus, based on the circumstances presented in the Action, it highly likely that the New York County Supreme Court will cancel and toll all interest which accrued on the alleged Note for a period of three (3) years.

Dated: Brooklyn, New York
       July 23, 2020

                **THE DAVID R. SMITH LAW GROUP PLLC**

                _____
                By: David R. Smith
                *Attorneys for Debtor*
                Nicholas J. Sands
                458 3rd Avenue, 2nd Floor
                Brooklyn, New York 11215
                (347) 986-9154